```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/9/2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SHAMEI BROWN,                                 :
                                              :
                        Petitioner,           :          13-cv-2071 (NSR) (PED)
                                              :
        -against-                             :          ORDER ADOPTING REPORT
                                              :          AND RECOMMENDATION
BRIAN FISHER, Commissioner,                   :
New York State Department of Corrections,     :
                                              :
                        Respondent.           :
-----------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

        Shamei Brown ("Petitioner"), proceeding *pro se*, seeks a writ of habeas corpus under 28

U.S.C. § 2254. Following a jury trial, Petitioner was found guilty of multiple counts including

murder in the second degree. Now pending before the Court is a Report and Recommendation

("R & R") issued by Magistrate Judge Paul E. Davison, pursuant to 28 U.S.C. § 636(b) and

Federal Rule of Civil Procedure 72(b), recommending that the petition be denied. Petitioner has

filed no objections to the R & R. For the following reasons, the Court adopts the R & R, and the

petition is DENIED.

## I.  BACKGROUND

        Petitioner was convicted following a jury trial in Westchester County (Bellantoni, J.) of

murder in the second degree, attempted murder in the second degree, assault in the first degree,

and criminal possession of a weapon in the second degree. Petitioner was sentenced as a second

felony offender to an indeterminate term of imprisonment of twenty years to life for the murder

conviction, determinate terms of seventeen years and five years post-release supervision on the

attempted murder and assault convictions, and a determinate term of fifteen years and five years

post-release supervision on the weapons conviction. The determinate terms were imposed to run

Copies mailed/faxed  6/9/2015
Chambers of Nelson S. Román, U.S.D.J.

concurrently with each of the other but consecutive to the indeterminate term imposed on the murder conviction.

The Court presumes familiarity with the factual and procedural background of this case, including the underlying criminal proceedings and Petitioner's appellate challenges to his conviction. Further details can be found in the R & R, which this Court adopts.

Petitioner timely filed the instant Petition for a Writ of Habeas Corpus on or about March 27, 2013. He seeks habeas relief on four grounds: 1) the identification procedures used by police were unduly suggestive; 2) Petitioner's due process rights were violated when the trial court purportedly permitted the introduction of hearsay to support the prosecution's theory as to the Petitioner's motive; 3) the evidence was legally insufficient to support the guilty verdict and the verdict was against the weight of the evidence; and 4) Petitioner's consecutive sentences were illegal.

## II. STANDARDS OF REVIEW

### A. *Habeas Petition Reviewing a State Court Decision*

"Habeas review is an extraordinary remedy." *Bousley v. United States*, 523 U.S. 614, 621 (1998). When a claim has been adjudicated on the merits in a state court proceeding, a prisoner seeking habeas relief must establish that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (d)(2); *Cousin v. Bennett*, 511 F.3d 334, 337 (2d Cir. 2008). A state court's findings of fact are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Nelson v. Walker*, 121 F.3d 828, 833 (2d Cir. 1997).

### B. *Magistrate Judge's Report and Recommendation*

A magistrate judge may "hear a pretrial matter [that is] dispositive of a claim or defense"

if so designated by a district court. Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In

such a case, the magistrate judge "must enter a recommended disposition, including, if

appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1).

Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and
> file written objections to such proposed findings and recommendations as
> provided by rules of court. A judge of the court shall make a de novo
> determination of those portions of the report or specified proposed findings or
> recommendations to which objection is made. A judge of the court may accept,
> reject, or modify, in whole or in part, the findings or recommendations made by
> the magistrate judge.

28 U.S.C. § 636(b); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, "'[t]o accept the report and

recommendation of a magistrate, to which *no timely objection* has been made, a district court

need only satisfy itself that there is *no clear error* on the face of the record.'" *Wilds v. United*

*Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (emphasis added) (quoting *Nelson*

*v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); *accord Feehan v. Feehan*, No. 09 Civ. 7016

(DAB), 2011 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011); *see also* Fed. R. Civ. P. 72 advisory

committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court

need only satisfy itself that there is no clear error on the face of the record in order to accept the

recommendation.").

## I.   DISCUSSION

Here, the R & R was issued on March 27, 2015, and the deadline for filing objections

was April 13, 2015. Since Petitioner failed to file any objections, the Court has reviewed

Magistrate Judge Davison's R & R for clear error and found none. Accordingly, the Court adopts

the findings and conclusions reached.

3

Petitioner's assertion that the photo array was unduly suggestive lacks merit. The identification procedure used by police was not unduly suggestive. As reported by the magistrate judge, the array contained Petitioner's photo and that of five other men who all appear to be of similar age and build, and who have similar skin tone, hairstyles, and facial hair. The photos consisted of front-facing head shots, depicting the individuals from the neck or upper chest upwards. Thus, the record is devoid of any facts to suggest the photo array was impermissibly suggestive.

Similarly, Petitioner's challenge to the subsequent lineup, consisting of individuals – fillers -- who shared his general physical characteristics, lacks merit. Giving due deference to the state court's determinations, any alleged variation in appearance between the fillers and Petitioner were not so substantial as to render the lineup impermissible. Absent a clear and convincing proffer rebutting the state court's factual determinations, the findings are presumed correct. Nor can it be said that the state court's determination regarding the identification procedures utilized were contrary to established federal law.

Petitioner's due process claims, framed as a deprivation of his right to confrontation and the impermissible introduction of hearsay to support the prosecution's theory as to Petitioner's motive for the crime, are procedurally barred. The magistrate judge correctly held that New York courts, with a few exceptions not applicable to this case, adhere to the contemporaneous objection rule (N.Y. Crim. Pro. Law § 470.05(2)), which requires litigants to make a contemporaneous objection to preserve a claim or erroneous admission. *People v. Riback*, 13 N.Y.3d 416, 420 (2009). The Second Circuit recognizes New York's contemporaneous objection rule as an independent and state procedural rule barring habeas review. *See, e.g.*, *Whitley v. Ercole*, 642 F.3d 278, 292 (2d Cir. 2011).

4

Likewise, Petitioner's claim that the verdict was legally insufficient and against the weight of the credible evidence also fails. Petitioner raised similar arguments on direct appeal to the state's intermediate court. The appellate court rejected both claims. In particular, the court held Petitioner's contention regarding the legal sufficiency of the evidence was unpreserved for appellate review. *People v. Brown*, 89 A.D.3d 1032 (2d Dept. 2011). As previously stated, where a state court expressly relies on such procedural grounds to deny a claim, federal review is foreclosed even in such instances where the state court addresses the merits of the claim in the alternative. *See Green v. Travis*, 414 F.3d 288, 294 (2d Cir. 2005).

It is well settled that a weight of the evidence claim is exclusively a matter of state law and does not create a federal question subject to federal habeas review. *See, e.g., McKinnon v. Superintendent, Great Meadow Corr. Facility*, 422 F. App'x 69, 75 (2d Cir. 2011), *cert. denied*, 132 S.Ct 1151(2012). The record reveals Petitioner raised the identical claim on direct appeal. By decision and order, dated November 22, 2011, the Appellate Division, Second Department, affirmed his conviction on the basis that, *inter alia*, the verdict was not against the weight of the evidence. *Brown*, 89 A.D.3d at 1032. Notably, leave to appeal to the New York State Court of Appeals has been denied. *People v. Brown*, 18 N.Y.3d 922 (2012).

Lastly, Petitioner's claim concerning his post-conviction sentence equally fails. Petitioner was sentenced to two terms of imprisonment to run consecutively: one term of twenty years to life on his conviction for murder in the second degree, and a second term of concurrent sentences amounting to seventeen years on his convictions for attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree.

New York Penal Law § 70.25(2) provides "[w]hen more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also

was a material element of the other, the sentences . . . must run concurrently." New York Penal Law § 15.00(1) defines an "act" as a "bodily movement," which includes pulling a trigger to discharge a firearm. *People v. McKnight*, 16 N.Y.3d 43 (2010). Petitioner was convicted of murdering one victim by use of a firearm and attempted murder and assault of a second victim. The victims were injured after Petitioner discharged his weapon on distinct occasions. Thus, the state court sentence did not violate New York Penal Law § 70.25(2).

Moreover, Petitioner's sentencing claim is not recognizable on habeas review. Petitioner questions the validity of the state court's imposition of consecutive sentences. It is well settled that it is not within the province of a federal habeas court to reexamine state-court determinations on state-law questions. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

## II. CONCLUSION

For these reasons, the Court adopts Magistrate Judge Davison's R & R in its entirety. The petition for a writ of habeas corpus is therefore denied. The Clerk of Court is directed to enter judgment accordingly and close this case.

As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2); *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005); *Lozada v. United States*, 107 F.3d 1011, 1017 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 225, 259-60 (2d Cir. 1997). The Court certifies pursuant to 18 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated: June 8, 2015                                    SO ORDERED:
      White Plains, New York

                                        Nelson S. Román
                                      United States District Judge

7